# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA
# THIRD DIVISION

-----------------------------------------------------------------

| | |
|---|---|
| In Re: | Bankruptcy 10-34172 |
| | Chapter 7 Case |
| Donald D. Sapletal and Donna M. Sapletal, | Adversary |
| Debtors, | |
| Michael J. Iannacone, Trustee, | **COMPLAINT** |
| Plaintiff, | |
| vs. | |
| J.P. Morgan Chase & Company and David Sapletal, | |
| Defendants. | |

-----------------------------------------------------------------

Now comes forth Michael J. Iannacone for his Complaint states and alleges:

1. Plaintiff is the duly appointed, qualified and acting Trustee of the estate of the above named Debtors.

2. That on June 7, 2010, Debtors filed a petition under Chapter 7 of Title 11 of the United States Code and the case is now pending in this court.

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. §§ 541, 544, 547, 548, 550 and 551. This is a core proceeding.

4. Defendant J.P. Morgan Chase & Company ("Chase") does business at Corporate Headquarters, 270 Park Avenue, New York, NY 10017-2070 and P.O. Box 78067, Phoenix, AZ 85062-8067 and may be served at such addresses.

5.  Defendant David Sapletal ("Sapletal") resides at 7893 Corey Path, Inver Grove Heights, MN 55076 and may be served at such address.

6.  That Defendant Sapletal is the son of the Debtors and an insider as defined by 11 U.S.C. § 101(31) and Minn. Stat. § 513.41(7).

7.  That at all times material herein, Sapletal was indebted to Chase, Chase Acct. No. 10508722031804 (the Sapletal Debt").

8.  That at all times material herein, the Debtors had no liability to Chase on Account No. 10508722031804.

9.  That Debtors paid Chase $2,250.00 (the "Payments") for the Sapletal Debt as follows:

    | | |
    |---|---|
    | 06/23/09 | 250.00 |
    | 07/10/09 | 250.00 |
    | 08/14/09 | 250.00 |
    | 09/09/09 | 250.00 |
    | 10/16/09 | 250.00 |
    | 11/10/09 | 250.00 |
    | 12/09/09 | 250.00 |
    | 01/12/10 | 250.00 |
    | 02/01/10 | 250.00 |

    The Payments made by Debtors to Chase were to or for the benefit of Sapletal.

10. That pursuant to 11 U.S.C. § 547(f), the Debtors were insolvent within the 90 days immediately preceding the filing of the bankruptcy petition, that is, between May 9, 2010 and June 7, 2010.

11. That at all times material herein, the Debtors were insolvent.

**FIRST CAUSE OF ACTION**

**11 U.S.C. § 547**

12. Realleges the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

13. The Payments to Chase were for the benefit of Sapletal and the Payments were:

   (a) To or for the benefit of a creditor, Sapletal;

   (b) For or on account of an antecedent debt owed by the Debtors to Sapletal before the transfers were made;

   (c) Made while the Debtors were insolvent;

   (d) Within one year before the filing date that the petition in bankruptcy was filed;

   (e) For the benefit of an insider, Sapletal; and

   (f) Enabled Sapletal to receive payment more than Sapletal would have received as provided for in Title 11.

14. That pursuant to 11 U.S.C. § 547, the Plaintiff may avoid the Payments set forth herein.

15. That pursuant to 11 U.S.C. § 551, any payments avoided by the Trustee pursuant to 11 U.S.C. § 547 are preserved for the benefit of the bankruptcy estate.

16. That the claims set forth herein constitute property of the bankruptcy estate pursuant to 11 U.S.C. § 541.

17. That 11 U.S.C. § 550 provides that in the event the Payments are avoided by the Trustee pursuant to 11 U.S.C. § 547, that Trustee may recover for the benefit of the bankruptcy estate the Payments made. Sapletal is the entity for whose benefit the Payments were made within the meaning of 11 U.S.C. § 550(a)(1). That pursuant to 11 U.S.C. § 547(i), the Trustee may recover from Sapletal all payments made within one year before the filing of the Debtors' bankruptcy case.

## SECOND CAUSE OF ACTION

## 11 U.S.C. § 548

18. Realleges the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

19. That the Payments made to Chase were made while the Debtors were insolvent and the Debtors received less than reasonably equivalent value in exchange for the Payments. The Debtors had no present or antecedent debt to Chase which would provide value for the Payments made by Debtors to Chase.

20. That pursuant to 11 U.S.C. § 548, the trustee may avoid the Transfer.

21. That pursuant to 11 U.S.C. § 551, any transfer avoided by the trustee pursuant to 11 U.S.C. § 548 is preserved for the benefit of the Debtors estate. That the claim set forth herein constitutes property of the Debtors bankruptcy estate pursuant to 11 U.S.C. § 541.

22. That 11 U.S.C. § 550 provides that in the event the transfer is avoided by the trustee pursuant to 11 U.S.C. § 548, the trustee may recover for the benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such property from the initial transferee. Chase is the initial transferee and Sapletal is the entity for whose benefit such transfers were made within the meaning of 11 U.S.C. § 550(a)(1).

## THIRD CAUSE OF ACTION

## 11 U.S.C. § 548(a)(1)(B)(i)&(ii)(III)

23. Realleges the allegations in paragraphs 1 through 11 as though fully set forth herein.

24. That as a result of the Transfer, the Debtors

    a. Received less than reasonably equivalent value in exchange for such Transfer and

    b.        Intended to incur or believed that the Debtors would incur debts that were beyond the Debtors' ability to pay as such debts matured.

25. That pursuant to 11 U.S.C. § 548, the trustee may avoid the Transfer.

26. That pursuant to 11 U.S.C. § 551, any transfer avoided by the trustee pursuant to 11 U.S.C. § 548 is preserved for the benefit of the Debtors estate. That the claim set forth herein constitutes property of the Debtors bankruptcy estate pursuant to 11 U.S.C. § 541.

27. That 11 U.S.C. § 550 provides that in the event the transfer is avoided by the trustee pursuant to 11 U.S.C. § 548, the trustee may recover for the benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such property from the initial transferee. Chase is the initial transferee and Sapletal is the entity for whose benefit such transfers were made within the meaning of 11 U.S.C. § 550(a)(1).

## FOURTH CAUSE OF ACTION

## 11 U.S.C. § 544 (A)(1) & (2)

28. Realleges the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

29. At the time of the Transfer, the Debtors were insolvent or, in the alternative, became insolvent because of the Transfer.

30. The Debtors had no legal liability or obligation for the Sapletal Debt

31. and did not receive reasonably equivalent value for the Transfer of $2,250.00.

32. Under 11 U.S.C. § 544, the bankruptcy trustee has the rights and powers of or may avoid any transfer of property of the Debtors or any obligation incurred by the Debtors that is voidable by:

(1)     a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

(2)     a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;

33. Pursuant to provisions of M.S.A. §§ 513.45 and 513.547, the Transfer is fraudulent as to creditors of the Debtors which existed at the time of the Transfer and may be recovered by the bankruptcy trustee as necessary to satisfy creditors' claims.

34. That 11 U.S.C. § 550 provides that in the event the transfer is avoided by the trustee pursuant to 11 U.S.C. § 548, the trustee may recover for the benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such property from the initial transferee. Chase is the initial transferee and Sapletal is the entity for whose benefit such transfers were made within the meaning of 11 U.S.C. § 550(a)(1).

## FIFTH CAUSE OF ACTION

## 11 U.S.C. § 544 (a)(1)&(2)

35. Realleges the allegations contained in paragraphs 1 through 11 as though fully set forth herein.

36. That the Transfer was made by the Debtors without receiving reasonably equivalent value in exchange for the Transfer and the Debtors were engaged or about to engage in a business or transaction for which the remaining assets of the Debtors were unreasonably

small in relation to the business or transaction; or in the alternative, intended to incur or believed or reasonably should have believed that they would incur debts beyond their ability to pay as they became due.

37. Under 11 U.S.C. § 544, the bankruptcy trustee has the rights and powers of or may avoid any transfer of property of the Debtors or any obligation incurred by the Debtors that is voidable by:

    (1) a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with respect to such credit, a judicial lien on all property on which a creditor on a simple contract could have obtained such a judicial lien, whether or not such a creditor exists;

    (2) a creditor that extends credit to the debtor at the time of the commencement of the case, and obtains, at such time and with respect to such credit, an execution against the debtor that is returned unsatisfied at such time, whether or not such a creditor exists;

38. Pursuant to the provisions of M.S.A. §§ 513.44 and 513.47, the Transfer is fraudulent as to creditors of the Debtors who claim arose before or after the Transfer.

39. Under 11 U.S.C. § 551, any transfer avoided pursuant to 11 U.S.C. § 544 is preserved for the benefit of the Debtors' bankruptcy estate. The claim set forth herein constitutes property of the Debtors' bankruptcy estate pursuant to 11 U.S.C. § 541.

40. That 11 U.S.C. § 550 provides in the event a transfer is avoided by the Trustee pursuant to 11 U.S.C. § 554, the trustee may recover for the benefit of the bankruptcy estate the property transferred or, if the Court so orders, the value of such property from the initial

transferee. Chase is the initial transferee and Sapletal is the entity for whose benefit such transfers were made within the meaning of 11 U.S.C. § 550(a)(1).

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

a. In the amount of $2,250.00 against Defendant Sapletal under Plaintiff's First, Second, Third, Fourth and Fifth causes of action, plus pre-judgment interest and Plaintiff's costs and disbursements herein;

b. In the amount of $2,250.00 against Defendant Chase under Plaintiff's Second, Third, Fourth and Fifth causes of action, plus pre-judgment interest and Plaintiff's costs and disbursements herein;

c. For such other and further relief as the Court deems just and equitable in the premises.

Dated: January 12, 2011

                                            __/e/ Michael J. Iannacone___
                                            Michael J. Iannacone, #48719
                                            Attorney for the Trustee
                                            8687 Eagle Point Blvd.
                                            Lake Elmo, MN 55042
                                            (651) 224-3361
                                            (651) 297-6187 Fax

```
Sapletal revised.doc
```